925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard B. ZUKOWSKI, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 90-3145.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1991.
 
 Before PAULINE NEWMAN, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Richard B. Zukowski appeals the final decision of the Merit Systems Protection Board (Board) which removed him from his position as a financial analyst in the Economic Development Administration of the U.S. Department of Commerce. Zukowski v. Department of Commerce, Docket No. DC07528810512, slip op. (MSPB Dec. 20, 1989). For the reasons set forth below, we vacate the decision of the Board and remand the case for redetermination in the light of evidence newly provided by the Government.
 
 OPINION
 
 2
 Zukowski was removed from his job based on charges that he had violated various provisions of the agency's standards of conduct. Among the charges was his failure to disclose on a Form CD-220 financial report his financial interest in a particular corporation, as to which he was otherwise charged with improper conduct. The agency person who decided that removal was the appropriate penalty for the various transgressions testified that he "considered that whole issue of the disclosure form" in formulating his penalty decision.
 
 
 3
 The administrative judge who heard Zukowski's initial appeal rejected certain of the agency's contentions, and accordingly only partially sustained the agency's charges. For that reason, the administrative judge mitigated the penalty to a 30-day suspension. One of the two sustained charges upon which the mitigated penalty issued was Zukowski's failure to file the Form CD-220.
 
 
 4
 During the course of Zukowski's appeal here, counsel for the agency revealed to Zukowski's counsel that, unbeknownst to the decisionmakers in this case, Zukowski had been under no obligation to file a Form CD-220 and therefore could not be charged with unlawful conduct for failure to file an unrequired form. Since the matter of perceived misconduct in failing to file the financial form was among the predicates of the agency's penalty decision, and since that issue was relied upon by the administrative judge in reduction of the agency's favored penalty, Zukowski not surprisingly moved this court for a remand.
 
 
 5
 In response to that motion, the Government admitted that it had notice, even on the day the case was argued here, of the possibility of there having been no obligation on Zukowski to file the form. Since the Government then lacked complete information about the issue, it came forward only later to explain that no such duty could be charged to Zukowski. On the merits of Zukowski's motion, the Government argues that a remand is unnecessary because in its view the charges of misconduct sustained by the final decision of the Board were "major", thus warranting a removal penalty. So far as the Government is concerned, the "failure to file" charge is a minor matter that we may ignore. In its next breath, however, the Government, acknowledging our authority to order a remand in the circumstances, urges us to consider a remand for the Board to assess whether the evaporation of the "failure to file" charge requires amendment of its decision.
 
 
 6
 We agree that remand is appropriate, and we vacate the Board's decision for the purpose of reaching a fresh decision. It is improper simply to weigh this new information against the Board's prior decision, as the Government suggests. All of the evidence must be evaluated and weighed anew. Zukowski is entitled to redetermination of his case on an unadulterated record.
 
 
 7
 We therefore vacate the decision of the Board and remand for redetermination.